IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 9 2015

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

ATLANTA DIVISION

-ODE

HAROLD ROSENTHAL,

　　　　Petitioner,

VS.

D. DREW, WARDEN,

　　　　Respondent.

CIVIL ACTION NO.:

HABEAS CORPUS
28 U.S.C. §§2241 AND 2241(c)(3)
ORIGINAL SENTENCING COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
CRIMINAL CASE NO. 84-14A

1 : 15-CV-1939

PETITIONER'S PETITION AS A MATTER OF LAW AND AS
JUSTICE REQUIRE MOVES TO CORRECT A CLEAR OBSERVABLE
ERROR OF MANIFEST INJUSTICE OF PETITIONER'S CONVICTION
AND SENTENCE IN LIGHT OF THE UNITED STATES SUPREME COURT'S
JUSTICE'S HOLDING IN RICHARDSON V. UNITED STATES, 517 US 292 1996,
AND REYES-REQUENA V. UNITED STATES, 243 F.3d 893 (5TH CIRCUIT 2001)

COMES NOW, Petitioner, HAROLD ROSENTHAL, ("ROSENTHAL"), Pro-Se
litigant respectfully filed this Petition in good faith as a
matter of law and as justice require challenge the factual fact
that Petitioner stand convicted of a "NONEXISTENT OFFENSE" and thus
is "ACTUALLY INNOCENCE" of Petitioner conviction and sentenced in
light of the United States Supreme Court's Justice's holding in
Richardson v. United States, 517 U.S. 292 (1996). Thus, pursuant
to title 28 U.S.C. §§2241 and 2241(c)(3) moves the Honorable Court
as a matter of law and as justice require to issue an appropriate

1 of 5

ORDERED AND ADJUDGED to Correct A Clear Observable Error Of Manifest Injustice that Petitioner Harold Rosenthal be immediately **"EXONERATED"** and **"RELIEVED"** from further unlawful and illegal incarceration by the Federal Bureau of Prisons ("BOP"), as their continuance of the execution of Petitoner conviction and Sentenced under continuing Criminal Enterprise ("CCE"), in violation of title 21 U.S.C. §848 is illegal.

## ANALYSIS

**Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999)**

In Richardson, the Supreme Court held that "a jury in a federal Criminal case brought under [21 U.S.C.] §848 must unamimously agree not only that the defenant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that "continuing series." 119 S.Ct. at 1709.

Petitioner assert and aver that in light of the Richardson, analysis Petitioner was convicted and sentenced to a nonexistent offense and thus Petitioner is "actual innocence" of the sentence that Petitioner received under ("CCE"), in violation of title 21 USC §848.

## STATEMENT OF JURISDICTION

The Fifth Circuit has set forth  two requirements petitioner must satisfy to file a Section 2241 petition in connection with the savings clause of Section 2255. In Reyes-Requena v. United States, the Fifth circuit held that the savings clause of Section 2255 applies to a claim that:(i)is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first, or actual innocence, prong of this test, Petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. Jeffers, 253 F.3d at 830-31.

Petitioner assert and aver that Petitioner claims meet both criteria's prongs of the Reyes-Requena test.

## BACKGROUND

In 1984, Petitioner was convicted by a Jury for among other offenses, violating 21 USC §848 was only that the jury unanimously find that the Petitioner committed at least three criminal acts or,

in other words, "three series of criminal acts which constitute violations of Federal narcotics laws, based on these elements, Petitioner was 'convicted without regard to whether the same "series of criminal acts were agreed to by the jury. Petitioner argued at trial, direct appeal and 2255 proceedings that the jury should have at least been unanimous as to the three series of violations which supported the §848 conviction. The Court of Appeals did not agree and thus affirmed Petitioner conviction. See U.S. v. Rosenthal, 793 F.2d 1214 (11th Cir. July 18, 1986). Almost 15 years after Petitioner's conviction, was affirmed by the related Court's, the U.S. Supreme Court Justice's ruled in Richardson, supra, that a Jury must be unanimous in regards to all three acts which constitute the series of violations for 21 USC §848 purposes.

Petitioner reiterate the factual fact that Petitioner claims in this cause of action meets both criteria's prongs of the Reyes-Requana test. Petitioner has clearly evinced that Petitioner was convicted of a nonexistent offense and that this claim at the time trial, direct appeal and 2255 stages were foreclosed by circuit law, although Petitioner nevertheless challenge the violation on the related court levels.

In Sum, Petitioner would like to bring before this Honorable District Court Justice's attention at this time that Petitioner is a laymen of the law and is not represented by Counsel in this cause of action and thus this Honorable District Court Justice's must construe Petitioner petition liberally. See **Haines v. Kerner,** **404 U.S. 519 520021 (1972).**

**WHEREFORE,** Petitioner pray in the interest of justice and as a matter of law and as justice require to prevent a manifest of injustice respectfully moves this Honorable District Court Justice's to **GRANT** relief sought by Petitoner in this cause of action on this *15 TH* day of APRIL, 2015.

Respectfully and Sincerely Submitted

*Harold Rosnth*(

HAROLD ROSENTHAL
08075-020           -
USP ATLANTA
P.O. BOX 150160
ATLANTA, GA 30315

*I SIGNED THIS*

*Harold Rosithal*

5 of 5

**APPEAL COURT OPINION & SUPPORTING AUTHORITY**

III.

## SUFFICIENCY OF THE EVIDENCE

Appellants, **Rosenthal**, Bonadonna, Dunleavy, Lombardi, Stewart, Joseph and Rose Marie Junker and Watson, contend that there was insufficient evidence to support their convictions.

Challenges to the sufficiency of the evidence are measured by the standard set forth in *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B) (en banc), aff'd on other grounds, 462 U.S. 356, 103 S. Ct. 2398, 76 L. Ed. 2d 638 (1983), as follows: "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of evidence." In making this determination, we must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680 (1942), and accept reasonable inferences and credibility choices by the fact-finder. *United States v. Gonzalez*, 719 F.2d 1516, 1521-22 (11th Cir. 1983).

### *Rosenthal and Bonadonna*

Both **Rosenthal** and Bonadonna were convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. A person is considered to have engaged in a continuing criminal enterprise if he violates any provision of 21 U.S.C. §§ 801, *et seq*, governing drug abuse prevention and control, in the course of a {793 F.2d 1226} continuing series of like violations undertaken in concert with five or more other persons "with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management," as a result of which that person obtains substantial income or resources. *United States v. Bascaro*, 742 F.2d 1335, 1357 (11th Cir. 1984).

**Rosenthal** argues that the record does not indicate that he supervised five or more persons. He contends that the record only indicates that he supervised the following individuals: (1) David Warren; (2) Loy Shipp; (3) Russell Zoellner, Jr.; and (4) appellant, Philip Bonadonna. We disagree.

During the Tennessee phase, evidence indicates that **Rosenthal** supervised and communicated with David Warren, Chuck Boldin and Philip Bonadonna, and they in turn, supervised the activities of several participants. An individual need not have direct communications with participants in order to be their supervisor. In *United States v. Phillips*, 664 F.2d 971, 1034 (5th Cir, Unit B 1981), this court concluded that if a defendant personally hires only the foreman, that defendant is still responsible for organizing the individuals hired by the foreman to work as the crew. We find that mere delegation of authority does not detract from Rosenthal's ultimate status as organizer.

Bonadonna contends that there was insufficient evidence to convict him under 21 U.S.C. § 848 because the government failed to prove that he had committed "a continuing series of violations. " We disagree.

This court interprets "a continuing series of violations" to mean three or more violations. *United States v. Brantley*, 733 F.2d 1429, 1436 (11th Cir. 1984). Bonadonna argues that the trial court's failure to request the jury to utilize special verdict interrogatories in rendering its verdict on the § 848 count, makes it impossible to determine which three predicate acts they found to satisfy § 848.

Bonadonna was convicted of the following violations: (1) Count Thirteen, conspiracy to import cocaine in violation of 21 U.S.C. 963; (2) Count Fourteen, the importation of cocaine in violation of 21 U.S.C. 952; and, (3) Count Nineteen, possession with intent to distribute in violation of 21 U.S.C.

9

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

VACATED CCE CASE FROM THE ELEVENTH CIRCUIT COURT OF APPEALS

UNITED STATES OF AMERICA, Plaintiff-Appellee, versus ROY MACK WEST, a.k.a. Teeny Man,
etc., Defendant-Appellant.
UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
201 F.3d 1312; 2000 U.S. App. LEXIS 957; 13 Fla. L. Weekly Fed. C 366
No. 95-6960
January 26, 2000, Decided
January 26, 2000, Filed

### Editorial Information: Prior History

Appeal from the United States District Court for the Northern District of Alabama. D.C. Docket No.
CR-95-AR-91-S. William M. Acker Jr.

### Disposition:

VACATED AND REMANDED.

**Counsel**          For West, Roy Mack, Appellant: French, Robert B. Jr., Fort Payne, AL.
Little, Victoria D., Decatur, GA. Jaffe, Richard Stephen, Jaffe, Strickland, Beasley &
Drennan, PC, Birmingham, AL. Gignilliat, William R. III, Attorney at Law, Atlanta, GA.
For United States of America, Appellee: McGregor, Robert P.,
Jones, G. Douglas, Office of the U.S. Attorney, Birmingham, AL.

**Judges:** Before GODBOLD and RONEY, Senior Circuit Judges. *.

### Opinion

PER CURIAM:

This case comes before us by order of the United States Supreme Court, which has vacated the
judgment of this Court as to appellant Roy Mack West, and remanded the case for our
reconsideration in light of *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d
985(1999). *See United States v. West*, 142 F.3d 1408 (11th Cir. 1998), *vacated and remanded,* 119
S. Ct. 2042 (1999). In *Richardson,* the Supreme Court held that "a jury in a federal criminal case
brought under [21 U.S.C.] § 848 must unanimously agree not only that the defendant committed
some 'continuing series of violations' but also that the defendant committed each of the individual
'violations' necessary to make up that 'continuing series.'" 119 S. Ct. at 1709.

West was convicted of both conducting a continuing criminal enterprise ("**CCE**")(Count 1) and being
a member of the underlying drug conspiracy (Count 2). At sentencing, the court vacated Count 2 as
a lesser included offense of the **CCE** conviction. *See United States v. Nixon*, 918 F.2d 895, 908
(11th Cir. 1990) (when defendant convicted on both a **CCE** count and a conspiracy count, the Court
will merge the two offenses by vacating the conviction of the lesser included conspiracy count). The
government concedes that the jury instruction given was not in accord with the requirements of
*Richardson* and that West's conviction on the **CCE** count cannot stand, *see also United States v.
Riley*, 161 F.3d 20 (11th Cir.1998)(unpublished), and requests that this Court remand to the district
court with instructions to reinstate the vacated drug conspiracy count and resentence West.

Accordingly, we vacate West's conviction for engaging in a continuing criminal enterprise. Since the
conspiracy conviction under Count 2 was vacated only because it was a lesser included offense of
the **CCE** conviction, and the **CCE** conviction no longer stands, we remand this case to the district
court with instructions to reinstate West's conspiracy conviction under Count 2 and resentence him.

### VACATED AND REMANDED.

JUDGEMENT OF CONVICTION

the presence of the attorney for the government
the defendant appeared in person on this date —

| | MONTH | DAY | YEAR |
| 11 | 26 | 84 |

**COUNSEL** ☐ **WITHOUT COUNSEL**   However the court advised defendant of right to counsel and asked whether defendant desired to have
counsel appointed by the court and the defendant thereupon waived assistance of counsel.

☒ **WITH COUNSEL**  ☐ R. C. Cougill, Esquire
(Name of Counsel)

ATTEST: A TRUE COPY
CERTIFIED THIS

**PLEA**   ☐ **GUILTY,** and the court being satisfied that
there is a factual basis for the plea,    ☐ **NOLO CONTENDERE,**   ☐ **NOT GUILTY**
DEC 3 1984

Ben H. Carter, Clerk
By: Lavonia Kendri
Deputy Clerk

There being a finding/verdict of ⎰ ☐ **NOT GUILTY. Defendant is discharged**
⎱ ☒ **GUILTY.**

**FINDING &
JUDGMENT**

Defendant has been convicted as charged of the offense(s) of violating Title 18, U.S.C. Sections 1962(d)
charged in count one; Section 1962(c) as charged in count two, Title 21, U.S.C.
Sections 848 as charged in count three; Section 952 as charged in counts nine, ten,
eleven and twelve; Title 21, U.S.C. Sections 963 as charged in count thirteen, Secti
952 and 2 as charged in count fourtee, Section 952 as charged in count fifteen,
Section 841(a)(1) as charged in counts sixteen, eighteen, nineteen and twenty of the
indictment.

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary
was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is
hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

**SENTENCE
OR
PROBATION
ORDER**

Count One: TWENTY (20) YEARS plus a fine of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS:
Count Two: TWENTY (20) YEARS plus a fine of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS:
Count Three: LIFE Imprisonment, plus a fine of OND HUNDRED THOUSAND ($100,000.00)DOLLA
Counts One, Two and Three to run concurrent; Counts Nine, Ten, Eleven, Twelve, Fourtee
and Fifteen: FIFTEEN (15) YEARS plus a TWENTY-FIVE THOUSAND ($25,000.00) DOLLAR fine a
to each county to run concurrent with each other and to follow the sentence in counts
one and two; Count Thirteen: FIFTEEN (15) YEARS plus a TWENTY-FIVE THOUSAND ($25,000.0
DOLLAR fine, sentence in count thirteen to run concurrent with the sentence in counts
and two. Counts Sixteen, Eighteen, Nineteen and Twenty: FIFTEEN (15) YEARS plus a TWEN
FIVE THOUSAND ($25,000.00) DOLLAR fine as to each count, to run concurrent with each
other and with the sentences imposed in counts nine, ten, eleven, twelve, fourteen and
fifteen.
  Sentences imposed in counts nine, ten, eleven, twelve, fourteen fifteen, sixteen,
eighteen, nineteen and twenty to be followed by a Special Parole Term of TEN (10)YEARS

**SPECIAL
CONDITIONS
OF
PROBATION**

**ADDITIONAL
CONDITIONS
OF
PROBATION**

All sentences except three) to follow sentences defendant presently serving.out on the
reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and
at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and
revoke probation for a violation occurring during the probation period.

**COMMITMENT
RECOMMEN-
DATION**

The court orders commitment to the custody of the Attorney General and recommends.

It is ordered that the Clerk deliver
a certified copy of this judgment
and commitment to the U.S. Mar-
shal or other qualified officer.

EXH. NO. 1

DEC 3 1984

BEN H. C...... CLERK
B. Mathias

**SIGNED BY**
☐ U.S. District Judge

☐ U.S. Magistrate

NOO-28, 1984
Date

PRISON RECORD AND MEDICAL INFORMATION

Department of Justice  
**INMATE SKILLS DEVELOPMENT PLAN**

Federal Bureau of Prisons  
**Current Progress Report: 10-08-2013**



| | |
|---|---|
| **Name:** ROSENTHAL, HAROLD | **Institution:** ATLANTA USP |
| **Register Number:** 08075-020 | 601 MCDONOUGH BLVD |
| **Security/Custody:** MEDIUM/IN | SE |
| **Projected Release:** / LIFE | ATLANTA, GA 30315 |
| | **Telephone:** (404) 635-5100 |

| | | | |
|---|---|---|---|
| **Next Review Date:** | 11-02-2013 | **Driver's License/State:** | / |
| **Next Custody Review Date:** | 05-17-2012 | **FBI Number:** | 43056C |
| **Age/DOB/Sex:** | 83 / 10-05-1930 / M | **SSN:** | 583389864 |
| **CIM Status:** | Y | **DCDC Number:** | |
| | If yes, reconciled: Y | **INS Number:** | |
| | | **PDID Number:** | |
| | | **Other IDs:** | |

| | | | |
|---|---|---|---|
| **Release Residence:** | [POC] | **Release Employer:** | [Name] |
| | 1455 CHESHIRE BRIDGE | | [Address] |
| | ROAD | **Contact** | [POC] |
| | ATLANTA, GA 30324 | **Telephone:** | |
| **Telephone:** | [Phone] | | |

| | | | |
|---|---|---|---|
| **Primary Emergency Contact:** | Lynn Ross, daughter | **Secondary Emergency** | [POC] |
| | 309 Neli Street | **Contact:** | [Address] |
| | Altanta, GA | **Telephone:** | |
| **Telephone:** | (404) 252-5707 | | |

**Mentor Information:**

| | |
|---|---|
| **Offenses/Violator Offenses:** | CONSPIRACY TO IMPORT NARCOTICS / PWITD & DISTRIBUTION OF COCAINE / |
| | IMPORTATION OF COCAINE / RACKETERRING; CONSP IN RACKETERRING; CCE IMPORT OF |
| | CONT SUB / ATTEMPT & CONSPIR. ; MANUF, DIST, CONTROL SUBSTANCE / |
| **Sentence/Supervision:** | Life / No Supervision Term - 4205(a) REG. ADULT-ORIG TERM >1 YEAR |
| **Special Parole Term:** | No Special Parole Term |

| Sentence Began | Time Served/Jail Credit/Inoperative Time | Days GCT/EGT/SGT | Days FSGT/WSGT/DGCT | Parole Status |
|---|---|---|---|---|
| 01-15-1980 | 404 Months 23 Days / 267 Days / 727 Days | 0 / 0 / 0 | 290 / 0 / 0 | Parole Information not applicable |

**Detainers:** N  
**Pending Charges:** None known

| Financial Responsibility | Imposed | Balance | Case No./Court of Jurisdiction | Assgn/Schedule Payment |
|---|---|---|---|---|
| FINE COMMITTED USDC | $425000.00 | $425000.00 | CR84-14A-1/EXPIRED | FINANC RESP-COMPLETED $25.00 QUARTERLY |
| FINE COMMITTED USDC | $425000.00 | $425000.00 | CR84-14A-1/VOIDED | |
| FINE COMMITTED USDC | $25000.00 | $25000.00 | 79-1-AMER/EXPIRED | |

| | | | |
|---|---|---|---|
| **Financial Plan** | **Comm Dep-6 mos:** | $1150.00 | **Cost of Incarceration** |
| **Active:** N | **Commissary** | | **Fee:** [Choices] |
| **Financial Plan Date:** 05-21-1996 | **Balance:** | $167.08 | |

**Payments**

**Commensurate:** Y  
**Missed:** N

**Judicial Recommendations:** N/A / N/A / No recommendations

**Special Conditions of Supervision:** N/A

## INTERPERSONAL

**Progress and Goals**

PREVIOUS PROGRESS REPORT: 20110825

PREVIOUS TEAM: 20090106

You are to continue your good rapport with others.

PREVIOUS TEAM: 20090922

Rosenthal has continued to maintain his good rapport with others.

Maintain family ties through phone calls, letters, and visits through next team meeting (03/10).

PREVIOUS TEAM: 20100322

Accomplishments since last team: Maintained family ties.

Goals for September 2010 Team: Maintain family ties through phone calls, letters and/or visits. Rosenthal has continued to maintain his good rapport with others.

PREVIOUS TEAM: 20100809

Accomplishments since last team: Maintained family ties.

Goals for January2011 Team: Maintain family ties through phone calls, letters and/or visits.

PREVIOUS TEAM: 20110620

Accomplishments since last team: Maintained family ties.

Continue to Maintain family Ties via telephone, mail, and visitation through 06-2020.

PREVIOUS TEAM: 20111122

Continue to Maintain family Ties via telephone, mail, and visitation through 06-2020.

PREVIOUS TEAM: 20120502

Team 05-02-2012 Rosenthal is polite and keeps to him self. He has never had an incident report thoughout his incarceration. His communication with staff and his peers is appropriate. Unit team goal is for him to continue at current levels until 11-02-2012.

PREVIOUS TEAM: 20121102

Rosenthal continue to engage in appropriate communication with staff and other inmates. He has good family support. Numerous members listed on his visitation list. Unit team goal is for him to continue programming at current level until reassessed in May of 2013.

PREVIOUS TEAM: 20130502

Rosenthal continues to have appropriate communication with both staff and inmates. He has good family ties. No deficit noted at this time . No goal set due to lack of deficit.

# Bureau of Prisons
## Health Services
### Clinical Encounter - Administrative Note

| Inmate Name: | ROSENTHAL, HAROLD | | | | Reg #: | 08075-020 |
|---|---|---|---|---|---|---|
| Date of Birth; | 10/05/1930 | Sex: | M | Race: WHITE | Facility: | ATL |
| Note Date: | 01/14/2014 07:58 | Provider: | Martin, D. MD | | Unit: | A03 |

Report Review encounter performed at Health Services.
**Administrative Notes:**

    **ADMINISTRATIVE NOTE  1**    **Provider:** Martin, D. MD

        Inmate Rosenthal was admitted to AMC on 1-10-14 with complaint of Abdominal pain, vomiting where he was admitted with acute vascular congestion consistent with congestive heart failure. He was also found with acute renal failure ? secondary to an obstructive uropathy. Urology has been consulted for appropriate care and management recommendations.

**Copay Required:** No    **Cosign Required:** No
**Telephone/Verbal Order:**  No

Completed by Martin, D. MD on 01/14/2014 08:06

*ROSENTHAL HAS CANCER*
*DR. WINSTON MD, CD*
*USP ATL. 2015 - MARCH*

# Bureau of Prisons
## Health Services
## Inmate ISDS Report

**Reg #:** 08075-020          **Inmate Name:** ROSENTHAL, HAROLD

SENSITIVE BUT UNCLASSIFIED -- This information is confidential and must be appropriately safeguarded.

Transfer To: _____          Transfer Date: _____

**Health Problems**

| Type | Health Problem | Status |
|------|----------------|--------|
| Chronic | Actinic keratosis | Current |
| Lidex | | |
| Chronic | Coronary atherosclerosis of unspec type of vessel | Current |
| sl ntg prn | | |

Stable coronary disease. sl ntg prn.On metoprolol 50 mg po bid.

| | | |
|------|----------------|--------|
| Chronic | Atherosclerosis coronary of native coronary artery | Current |

Had CABG x 3 on sl NTG and metoprolol, lisinopril, simvastatin, asa 81 mg po daily.
Stable CAD. s/p CABG

| | | |
|------|----------------|--------|
| Chronic | Cataract, unspecified | Current |
| Chronic | Hypermetropia | Current |
| Chronic | Neck pain, cervicalgia | Current |
| Chronic | Elevated prostate specific antigen [PSA] | Current |
| PSA was 4.460 | | |
| Chronic | Anxiety state, unspecified | Current |
| Chronic | Atherosclerosis coronary of native coronary artery | Current |
| Chronic | Hypertension, Benign Essential | Current |

BP= 200/100 and he is on metoprolol and lisinopril. Will increase the metoprolol to 50 mg po bid and lisinopril to 20 mg po daily.
Continue the current medications.
BP better but not optimal . Will repeat .

| | | |
|------|----------------|--------|
| Chronic | Anemia, unspecified | Current |
| exercises daily | | |
| Chronic | History of arthritis | Current |
| Chronic | Hypertrophy (benign) of prostate w/urinary obstruc | Current |
| Chronic | Esophageal reflux | Current |
| On omeprazole 20 mg po daily. | | |
| Chronic | Other and unspecified hyperlipidemia | Current |
| Temporary/Acute | Rash and other nonspecific skin eruption | Current |
| fluocinonide cream | | |
| Temporary/Acute | Cellulitis and abscess of other specified sites | Current |
| Infected skin of the scrotum | | |
| Temporary/Acute | Dermatophytosis  scalp, beard (Trichophytic tinea) | Current |
| Temporary/Acute | Dizziness and giddiness | Current |
| Temporary/Acute | Bronchitis, acute | Current |
| 6 weeks of a progressive cough | | |
| Temporary/Acute | Gen psych exam, see health prob list | Current |
| Temporary/Acute | Deferred | Current |
| Temporary/Acute | Psychosocial and environmental problems | Current |
| Temporary/Acute | GAF 51 - 70 | Current |

**Medications: All medications to be continued until evaluated by a physician unless otherwise indicated.**
**Bolded drugs required for transport.**

Aspirin 81 MG EC Tab  Exp: 10/20/2013  SIG: Take one tablet by mouth each day
busPIRone 15 MG TAB  Exp: 10/14/2013  SIG: Take one tablet by mouth three times daily  *Consent form on file *
**self carry**
Doxazosin 4 MG Tab  Exp: 10/20/2013  SIG: Take two tablets (8 mg) by mouth each day
Folic Acid 1 MG Tab  Exp: 10/20/2013  SIG: Take one tablet by mouth each day
Lisinopril 20 MG Tab  Exp: 10/20/2013  SIG: Take one tablet by mouth each day
Metoprolol Tartrate  50 MG Tab  Exp: 10/20/2013  SIG: Take one tablet by mouth twice daily
Niacin ER  500 MG Tab  Exp: 10/20/2013  SIG: Take one tablet by mouth twice daily
Nitroglycerin SL 0.4 MG Tab  Exp: 10/20/2013  SIG: Place 1 tab under the tongue for chest pain-may repeat every 5 min x 2 more if needed. If no relief, contact medical staff

# Bureau of Prisons
## Health Services
### Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: ROSENTHAL, HAROLD | | Reg #: 08075-020 |
| Date of Birth: 10/05/1930 | Sex: M Race: WHITE | Facility: ATL |
| Encounter Date: 11/02/2012 13:40 | Provider: Winston, James MD, CD | Unit: A03 |

Chronic Care encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT 1    Provider: Winston, James MD, CD

Chief Complaint: GENERAL

Subjective:    82 yo man with h/o CAD. He has chronic neck and back pain. Has scoliosis and apparent arthritic changes in the joints. No c/o chest pain or sob. Discussed establishing a Lining Will and he was given information regarding this.On a number of meds including sl NTG.

Pain Location:    Generalized

Pain Scale: 3

Pain Qualities:    Aching

History of Trauma:

Onset:    5+ Years

Duration: 5+ Years

Exacerbating Factors:    walking

Relieving Factors:

Comments:

Seen for clinic(s): Cardiac, Gastrointestinal, Hypertension, Mental Health

**ROS:**

General
    Constitutional Symptoms
        Yes: Easily Tired
        No: Anorexia, Chills, Fatigue, Fever

HEENT
    Head
        Yes: Normal

Cardiovascular
    General
        Yes: Normal, Angina

    Intermittent angina relieved with sl ntg tabs.

Pulmonary
    Respiratory System
        Yes: Normal

GI
    General
        Yes: Normal

Musculoskeletal
    General
        Yes: Arthritis

Neurological
    Cranial Nerves
        Yes: Normal

## LIVING WILL

Living will made this _5_ _TH_ day of _NOVEMBER_ (month, year). _2012_
I, _HAROLD ROSENTHAL_, being of sound mind, willfully and voluntarily make known my
desire that my life shall not be prolonged under the circumstances set forth below and do declare:

1. If at any time I should (check each option desired):

(✓) have a terminal condition,

(✓) become in a coma with no reasonable expectation of regaining consciousness, or

(✓) become in a persistent vegetative state with no reasonable expectation of regaining significant
cognitive function,

as defined in and established in accordance with the procedures set forth in paragraphs (2), (9),
and (13) of Code Section 31-32-2 of the Official Code of Georgia Annotated, I direct that the
application of life-sustaining procedures to my body (check the option desired):

(✓) including nourishment and hydration,

(✓) including nourishment but not hydration, or

(✓) excluding nourishment and hydration,

be withheld or withdrawn and that I be permitted to die;

2. In the absence of my ability to give directions regarding the use of such life-sustaining
procedures, it is my intention that this living will shall be honored by my family and physician(s)
as the final expression of my legal right to refuse medical or surgical treatment and accept the
consequences from such refusal;

3. I understand that I may revoke this living will at any time;

4. I understand the full import of this living will, and I am at least 18 years of age and am
emotionally and mentally competent to make this living will; and

5. If I am a female and I have been diagnosed as pregnant, this living will shall have no force and
effect unless the fetus is not viable and I indicate by initialing after this sentence that I want this
living will to be carried out. _____ _____ (Initial)

Signed _Harold Rosenthal_

_ATLANTA_ (City), _FULTON_ (County), and _GEORGIA_ (State of Residence).
I hereby witness this living will and attest that:

(1) The declarant is personally known to me and I believe the declarant to be at least 18 years of
age and of sound mind;

(2) I am at least 18 years of age;

(3) To the best of my knowledge, at the time of the execution of this living will, I:

(A) Am not related to the declarant by blood or marriage;

(B) Would not be entitled to any portion of the declarant's estate by any will or by operation of
law under the rules of descent and distribution of this state;

(C) Am not the attending physician of declarant or an employee of the attending physician or an
employee of the hospital or skilled nursing facility in which declarant is a patient;

*Sensitive but Unclassified*

# CRUEL DEATH PENALTY

## FOR

## 84 YEAR OLD

## HAROLD ROSENTHAL

## 08075-020

## PRISON USP ATLANTA

Rosenthal, Harold
08075-020
Age 84
Imprisoned 33 years

### ROSENTHAL'S DEATH SENTENCE

The Federal Bureau of Prison is carrying Rosenthal on a Day to Day Life/Death Sentence, that is Illegal - Supreme Court Ruling in 1999.

Rosenthal has served thirty-three (33) years in prison with no incident reports, and no violence.

The Government did not give any notifications of the Law Change and that there was only one year to file.

Prisons have law libraries with law books and computers.

**A LIFE/DEATH SENTENCE IS THE MOST SERIOUS AND SHOULD NOT BE HIDDEN BY THE GOVERNMENT.**

### ATTORNEY GENERAL HOLDER

Rosenthal is in the custody of the Attorney General not the Bureau of Prison. The Attorney General makes the decision of importance.

### CONTINUING CRIMINAL ENTERPRISE (CCE)

The Statute of conviction for Rosenthal, Continuing Criminal Enterprise (CCE), was ruled by the Supreme Court to be illegal and unconstitutional in 1999.

Rosenthal did not know of this change until twelve (12) years after the fact. He then applied to the court for relief but the court deemed him **"time barred"** having exceeded the one year limitation. As a result he now finds himself on a **"day to day"** death sentence.

## TIME BARRED

### TIME BARRED HISTORY

Congress was passing the **Anti Terrorist Act.**
The government put in place a one year limitation period for
prisoners to raise claims in post conviction motions that
had nothng to do with terrorism but a lot to do to stop
prisoners to have a fair trial in favor of the U.S. Attorney.

### ROSENTHAL WAS TIME BARRED

Rosenthal was not informed by any government system to aid
prisoners legal information, in this case would have freed
him thirteen years ago. Was burried by the U.S. Attorneys.

### Supreme Court 1999

The Supreme Court ruled in 1999 that the laws of Continuing
Criminal Enterprise were not valid and were to be vacated,
you had to file for the release.

### TECHNICALITIES

**The U.S. Attornies use "technicalities" to their advantage
while the defenders have no advantages thus the scales are
not balanced.**

**Rosenthal knows the "Time Barred" technicality works it got
him a DEATH SENTENCE on an illegal sentence**



Rosenthal, Harold
08075-020
Age 84
Prison 33

## 1984 Federal Court Atlanta

Trial court

Flying drugs from South America to North America.

Judge Tidwell. Charged: Continous Criminal Enterprise (CCE).

No violence, no guns, no sales - just "drug smuggling" from

the jungles of South America to the landing strips in America. $LIFE \ SENTENCE$

Rosenthal is an "old law" prisoner that was sentenced and
committed to the Attorney General. 1984.

Presently Rosenthal is being held in prison by the Attorney
General -

August 2014